IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATHLEEN I. MELENDEZ           *
                               *
v.                             *
                               *
SECRETARY KATHLEEN SEBELIUS    *    Civil Action No. WMN-13-2747
U.S. DEPARTMENT OF HEALTH      *
AND HUMAN SERVICES             *
                               *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 14. The motion is fully briefed. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion should be granted.

Plaintiff, an African-American and Hispanic female, has been employed by Defendant since February 2005. She was diagnosed with squamous cell carcinoma in 2009 and, since that diagnosis, has undergone numerous hospitalizations and surgeries and continues in treatment. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII), and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., alleging that she was discriminated against in her employment on the basis of her gender, race, national origin,

1

and disability.  Compl. (Counts I-IV).  This alleged discrimination took the form of denials of promotional opportunities and refusals to grant her telework privileges and alternative work schedules.  She also asserts that she was physically and verbally threatened by her supervisor, Bruce Immerman, and thus subjected to an actionable hostile work environment.  Id. (Count V).  In addition, she asserts that she was retaliated against for complaining about this discriminatory treatment.  Id. (Count VI).

Defendant has moved to dismiss the Complaint on the ground that Plaintiff failed to exhaust her administrative remedies.  More specifically, Defendant argues that: (1) Plaintiff failed to contact an Equal Employment Opportunity (EEO) counselor within 45 days of the alleged discriminatory acts; (2) the administrative claim which she eventually filed did not encompass all of the claims that she now asserts in this action; and, (3) Plaintiff abandoned the administrative process before its completion.  Defendant also asserts that, were the Court to reach the merits of Plaintiff's claims, some of the conduct about which Plaintiff complains does not rise to the level of adverse employment action.  Finally, Defendant contends that the conduct alleged is insufficiently severe or pervasive to support

a hostile environment claim. Because the Court finds, as explained below, that Plaintiff abandoned the administrative process and thus failed to exhaust her administrative remedies as to any of her claims, the Court need not reach the remaining arguments.

A federal employee who seeks to enforce her rights under Title VII or the Rehabilitation Act must exhaust their available administrative remedies prior to pursuing an action in federal court by first seeking relief in the agency that has allegedly discriminated against her. Brown v. General Serv. Admin., 425 U.S. 820, 832 (1976) (discussing exhaustion requirement for federal employees under Title VII); Medlock v. Rumsfeld, 336 F. Supp. 2d 452, 462 (D. Md. 2002) (discussing exhaustion requirement for federal employees under Title VII and Rehabilitation Act). Significantly, federal employees are "require[d] to cooperate in the administrative process" in a manner not required of private sector employees. Austin v. Winter, 286 F. App'x 31, 35 (4th Cir. 2008). Federal claimants must pursue their administrative claim before the agency "with diligence and good faith" to be said to have exhausted their remedies. Id. This requirement exists to minimize "judicial interference with the operation of the federal government." Doe

v. Oberweis Dairy, 456 F.3d 704, 712 (7th Cir. 2006) (citation omitted). It also affords an "agency the opportunity to right any wrong it may have committed." McRae v. Librarian of Congress, 843 F.2d 1494, 1496 (D.C. Cir. 1988).

The facts related to Plaintiff's pursuit of administrative remedies are largely undisputed. After being denied a promotion for the third time, Plaintiff met with an EEO specialist and began the complaint process against her second-line supervisor, Jay Toven. Compl. ¶ 13. Plaintiff subsequently withdrew from that process without filing a formal complaint. See ECF No. 14-2 at 4 (EEO case file report).

On or about April 26, 2011, Plaintiff filed with her Agency an EEO pre-complaint alleging race, national origin, and disability discrimination in assignment of duties and promotion. Compl. ¶ 30.[1] On October 21, 2011, EEO Counselor Ronald Hayes sent Plaintiff a "Notice of Final Interview and Right to File Formal [Complaint]." ECF No. 14-3. Plaintiff filed her Formal Complaint on November 4, 2011. ECF No. 14-4. On January 5, 2012, the Agency sent Plaintiff notification that it had accepted her complaint for investigation. ECF No. 14-5. The

---

[1] Plaintiff alleges in her Complaint that she also filed an EEO pre-complaint on April 27, 2011, alleging similar claims. Compl. ¶ 31.

Agency investigated the complaint from January 24, 2012, through March 12, 2012, and issued its Report of Investigation (ROI), ECF No. 24-1, on or about March 5, 2012.  On April 21, 2012, Plaintiff requested a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge.  ECF No. 14-7.  Administrative Judge Enechi Modu was appointed to hear Plaintiff's case and, once appointed, "assume[d] full responsibility for the adjudication of the complaint."  29 C.F.R. § 1614.109.

On August 23, 2012, the Agency submitted to Judge Modu a motion to compel discovery from Plaintiff.  ECF No. 14-8.  That motion detailed its unsuccessful efforts in obtaining discovery from Plaintiff.  The Agency states that it sent discovery requests to Plaintiff's counsel on July 10, 2012.  On August 1, 2012, Plaintiff's counsel initiated a conference call with Agency counsel and Administrative Judge Modu in which he explained that Plaintiff had been hospitalized for a procedure related to her cancer which was preventing her from continuing with her EEO complaint at that time.  Agency counsel explained that he would be amenable to an extension if that request were put in writing.  Id. at 2.  On August 14, 2012, Agency counsel contacted Plaintiff's counsel by email to inform him that the

time to respond to discovery had passed and Plaintiff had yet to respond to that discovery or to file a written request for an extension. Receiving no response to that email, Agency counsel contacted Plaintiff's counsel again on August 21, 2012, by email and by a phone message left with Plaintiff's counsel's assistant. Id. Again on August 23, 2012, Agency counsel left another message but received no response so the Agency proceeded to file its motion to compel. Id.

On or about October 25, 2012, Plaintiff and the Agency filed a joint agreement to permit Plaintiff to withdraw her complaint, without prejudice, due to her medical situation. Judge Modu approved that joint agreement in an Order of Dismissal dated November 21, 2012. ECF No. 14-9. The Order stated that Plaintiff could reinstate her complaint on or before January 30, 2013, but added that Plaintiff's "[f]ailure to reinstate her complaint by that date will cause [Plaintiff's] case to be dismissed with prejudice." ECF No. 14-9. Judge Modu subsequently granted a consent motion to extend the time for Plaintiff to reinstate her complaint until February 28, 2013. ECF No. 14-10. Although given that extension, Plaintiff never reinstated her complaint. On April 8, 2013, the Agency implemented Judge Modu's November 21, 2012, Order of Dismissal

and issued a Final Agency Decision dismissing the complaint, with prejudice.  ECF No. 14-11.

As these undisputed facts amply demonstrate, Plaintiff never responded to the Agency's discovery requests, voluntarily withdrew her complaint, and then failed to timely reinstate that complaint despite an extension of time in which to do so.  Pursuant to the Administrative Judge's Order, her administrative complaint was dismissed, <u>with prejudice</u>.  Thus, there is no question that Plaintiff must be deemed to have abandoned her claim.

While acknowledging in her opposition to Defendant's motion that "the [Administrative Law Judge] dismissed her case with prejudice," ECF No. 22 at 5, Plaintiff suggests that the "EEOC then issued to Plaintiff an unqualified right to sue letter, which is the predicate for the immediate legal action."  <u>Id.</u> at 5-6 (citing the EEOC's April 8, 2013, Final Agency Decision, ECF No. 14-11).  Plaintiff misreads the "right to appeal" language included in the Final Agency Decision.  After stating that the purpose of that letter was to "notify you that the Department will fully implement the Order of Dismissal with prejudice issued by AJ Modu," ECF No. 14-11 at 3, the Final Agency Decision then set out the statutorily mandated appeal rights.

See 29 C.F.R. § 1614.110. This statement of rights to appeal, however, cannot serve as a free pass around Plaintiff's obligations to first exhaust her administrative remedies. See Fanciullo v. U.S. Post Office, Civ. No. 12-5467, 2013 WL 5467169, at *7 (D.N.J. Sept. 30, 2013) (rejecting the plaintiff's argument that receipt of a "Right to Sue Letter" cured his failure to exhaust administrative remedies); Alston v. Astrue, Civ. No. 10-3446, 2012 WL 665982, at *2, *5 (D. Md. Feb. 28, 2012) (dismissing claims on the ground that the plaintiff had abandoned the administrative process despite a "boilerplate paragraph" in the EEOC ruling informing plaintiff of a "right to sue"). At most, Plaintiff's right to appeal is limited to a right to challenge the Agency's determination that Plaintiff had failed to timely reinstate her complaint and thus, failed to exhaust her administrative remedies. See Brown v. Nicholson, Civ. No. 08-132, 2008 WL 3287206, at *7 (W.D.N.C. Aug. 7, 2008) (similarly limiting the plaintiff's "reliance on the so-called 'right-to-sue' letter" issued to her when her administrative appeal was dismissed for having been filed one day late). As to that determination, the Court finds no error.

In addition to her reliance on the EEOC's "right-to-sue" letter, Plaintiff relies on her bald assertion that she, "at no

point, failed to respond to, or cooperate with, any governmental investigative inquiry" and "as confirmed by the ROI, and Plaintiff's EEO complaint, [she] demonstrated good faith at all times referenced herein."  ECF No. 22 at 10.  While the ROI might reflect evidence of Plaintiff's participation in the administrative procedures during the investigation phase that ended in March of 2012, it does nothing to controvert the fact that, after requesting a hearing before an administrative law judge, Plaintiff did not respond to discovery in that phase of the proceedings and failed to reinstate her claim after voluntarily withdrawing it.  The Court is certainly sympathetic to the fact that Plaintiff was undergoing medical procedures at the time but also notes that Plaintiff was represented by counsel throughout the relevant time period.

Finally, Plaintiff seems to argue that Defendant waived the abandonment issue by failing to raise it during the administrative process.  ECF No. 22 at 10.  The obvious response to that somewhat superfluous argument is that there was no opportunity to raise in those proceedings something that had yet to occur.  Plaintiff did not abandon the administrative process until the end of that process when she failed to timely

reinstate her claim and the Agency responded by implementing Judge Modu's dismissal order.

The failure by a plaintiff to exhaust administrative remedies deprives the federal courts of subject matter jurisdiction. See Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Furthermore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. Smith v. Wash. Metro. Area Transit Auth., 290 F.3d 201, 205 (4th Cir. 2002). In considering a motion challenging the factual basis for subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

Notwithstanding Plaintiff's unsubstantiated assertion of good faith cooperation in the administrative process, the undisputed record demonstrates that Plaintiff abandoned that

administrative process. Thus, the Court must dismiss Plaintiff's claims for lack of subject matter jurisdiction. A separate order consistent with this memorandum will be issued.

                                        _____/s/_____

                                        William M. Nickerson
                                        Senior United States District Judge

DATED: March 27, 2014