IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
KATHLEEN I. MELENDEZ        *
                           *
v.                         *
                           *
SECRETARY KATHLEEN SEBELIUS  *    Civil Action No. WMN-13-2747
U.S. DEPARTMENT OF HEALTH   *
AND HUMAN SERVICES          *
                           *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM AND ORDER**

On March 27, 2014, this Court issued a Memorandum and Order dismissing this action.  ECF Nos. 28 & 29.  Although in the motion to dismiss, Defendant raised a number of other potentially dispositive arguments, the Court found that Plaintiff had abandoned the administrative process and, thus, had failed to exhaust her administrative remedies as to any of her claims.  Plaintiff has filed a motion for reconsideration of that decision under Rule 59(e) of the Federal Rules of Civil Procedure.  ECF No. 30.

The Fourth Circuit has noted that "[a] Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th

1

Cir. 2012) (quoting <u>Zinkand v. Brown</u>, 478 F.3d 634, 637 (4th Cir. 2007)).  Relief under Rule 59(e) "is an extraordinary remedy that should be applied sparingly."  <u>Id.</u>  Here, Plaintiff's counsel contends that the instant motion is filed "due to a misread of the factual record herein" and a "clear error of law or manifest injustice."  ECF No. 30 at 4.

In its previous ruling, the Court noted that Plaintiff initiated a Formal Complaint with the EEOC, requested a hearing before an EEOC Administrative Judge, and Administrative Judge Enechi Modu was appointed to hear her case.  On August 23, 2012, while the case was before Judge Modu, Defendant filed a motion to compel discovery after repeated attempts to contact Plaintiff's counsel were met with no response.  In a teleconference with counsel and Judge Modu held earlier that month, Plaintiff's counsel had explained that Plaintiff had been hospitalized for a procedure related to her cancer diagnosis and that this was preventing her from pursuing the complaint at that time.  Defendant's counsel indicated that he would be amenable to an extension <u>if</u> Plaintiff's counsel would put that request in writing.  Plaintiff's counsel failed to do so, however, giving rise to the need to file the motion to compel.

On October 25, 2012, counsel for both parties filed a joint stipulation to permit Plaintiff to withdraw her Complaint, without prejudice, because of her medical situation.  On November 21, 2012, Judge Modu signed an order approving that stipulation and providing that Plaintiff could reinstate her complaint on or before January 30, 2013, but added that Plaintiff's "[f]ailure to reinstate her complaint by that date will cause [Plaintiff's] case to be dismissed with prejudice." ECF No. 14-9.  In its previous opinion, this Court also noted that Judge Modu subsequently granted a consent motion to extend the time for Plaintiff to reinstate her complaint until February 28, 2013, but Plaintiff never reinstated her complaint.  On April 8, 2013, the Agency implemented Judge Modu's November 21, 2012, Order of Dismissal and issued a Final Agency Decision dismissing the complaint, with prejudice.  In light of that procedural history, this Court found that Plaintiff had abandoned the administrative process.

With the present motion for reconsideration of that decision, Plaintiff's counsel submitted two correspondences from Plaintiff's health care provider documenting the seriousness of Plaintiff's medical condition during the fall of 2012 and early 2013.  ECF Nos. 30-2 and 30-3.  Plaintiff's counsel also

proffers quotations in his motion from several "sent correspondence" from Plaintiff explaining her medical condition. ECF No. 30 at 2-4.  Plaintiff's counsel does not provide any citations for those quotations and there is no indication in the record as to whom any of this correspondence was sent.

This new evidence of Plaintiff's medical condition was certainly available when Plaintiff's counsel opposed the motion to dismiss.  Counsel's failure to submit that evidence at that time, however, is ultimately of no significance as the Court readily acknowledged that Plaintiff was experiencing a serious medical condition during the relevant time period.  But as the Court also previously noted, Plaintiff was represented by counsel throughout the pendency of the administrative process. See ECF No. 28 at 9.  Whatever Plaintiff's condition, Plaintiff's counsel, as her representative, could and should have acted to protect her rights.  In "our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent," Plowman v. Cheney, 714 F. Supp. 196, 201 (E.D. Va. 1989), and a failure of counsel is not the type of "manifest injustice" that would support Rule 59(e) relief.

4

Plaintiff's counsel also points out, for the first time in the motion for reconsideration, that the order granting an extension until February 28, 2013, for Plaintiff to reinstate her administrative complaint was not signed by Judge Modu until February 27, 2013, was not mailed until February 28, 2013, and thus, would not have been received by him until after the extension had expired.  While that appears to have been the situation, the Court notes that, once Plaintiff's counsel received the order granting the extension, he did nothing until well after the Final Agency Decision dismissing the complaint was issued on April 8, 2013.  During that intervening period, Plaintiff's counsel certainly could have moved for another extension, nunc pro tunc.

As Defendant observes, Plaintiff's counsel was certainly aware of the nunc pro tunc option as the February 27, 2013, extension was itself granted nunc pro tunc at the request of Plaintiff's counsel.  Apparently, at some point before the January 30, 2013, deadline for Plaintiff to reinstate her complaint, Plaintiff's counsel prepared a motion to extend time but it was not sent to Judge Modu "due to a technical problem." ECF No. 33 at 2 (Feb. 7, 2013, email from Pl.'s counsel to Judge Modu).  When he discovered that it had not been sent to Judge

Modu, Plaintiff's counsel requested, on February 7, 2013, that he be permitted to file his motion for extension of time nunc pro tunc.  Id.  Judge Modu granted the request.

In a somewhat cryptic reference, Plaintiff's counsel appears to accept at least some of the responsibility for dismissal of his client's administrative complaint.  While he proffers that, "Plaintiff's actions were all causally due to her well documented and undisputed health condition, serious cancer of the throat," he also suggests that, "Counsel in this situation is vulnerable."  ECF No. 30 at 10.  While the Court is not clear as to what counsel might mean by his being "vulnerable," he certainly appears to be responsible for the failure to preserve his client's rights.  As a party is bound by the acts or omissions of her representative, the Court must conclude that Plaintiff's administrative complaint was properly dismissed, with prejudice, and thus, Plaintiff's complaint in this Court was properly dismissed based upon her failure to exhaust her administrative remedies.

Accordingly, IT IS this 4th day of August, 2014, by the United States District Court for the District of Maryland, ORDERED:

1) That Plaintiff's Rule 59(e) Motion for Reconsideration, ECF No. 30, is DENIED; and

2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.


_____/s/_____
William M. Nickerson
Senior United States District Judge